UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD ROSEN, et al., | Case No. 2:15-cv-01180-RFB-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| HAWAIIAN AIRLINES, INC., | |
| Defendant(s). | |

Pending before the Court is the parties' Stipulated Protective Order (Docket No. 13), which the Court approved to facilitate discovery in this case. This order reminds counsel that there is a presumption of public access to judicial files and records. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

The Court has adopted electronic filing procedures, and with a few exceptions not applicable here, the Clerk of the Court no longer maintains paper records. Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the Court's electronic filing procedures. *See* Local Rule 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page,

> directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.* Documents filed under seal are not accessible to the public.

The Court has approved the blanket protective order to facilitate discovery exchanges. But **there has been no showing, and the Court has not found, that any specific documents are secret or confidential**. The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm. The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana* 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180. **All motions to seal must address the applicable standard and explain why that standard has been met**. The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of

the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.[1]

**IT IS ORDERED** that counsel shall comply with the requirements of Local Rule 10-5(b), the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect to any documents filed under seal. <u>To the extent any aspect of the stipulated protective order may conflict with this order or Local Rule 10-5(b), that aspect of the stipulated protective order is hereby superseded with this order.</u>

DATED: September 11, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three days of its filing. If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.